IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**ZACHARY M. FAULKNER,**

    Plaintiff,

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.**
**UNITEDHEALTHCARE INSURANCE COMPANY,**
**HUMANA WISCONSIN HEALTH ORGANIZATION INSURANCE CORPORATION,**

    2:20-CV-01295

    Involuntary Plaintiff,

    v.

**ZURICH AMERICAN INSURANCE COMPANY,**
**US FOODS, INC., TRANS-PORTE, INC.,**
**ABC INSURANCE COMPANY,**
**JEAN CARLOS FLORES-RIVERA,** and
**DEF INSURANCE COMPANY,**

    Defendants.

**JOINT RULE 26(f) DISCOVERY PLAN**

The parties conferred with each other and addressed the matters in Federal Rule of Civil Procedure 26(f). The parties jointly submit the following Discovery Plan in accordance with Federal Rule of Civil Procedure 26(f)(3). The parties are represented by the undersigned counsel who plan to participate in the conference.

**A.    NATURE OF THE CASE**

This is a personal injury action which stems from a motor vehicle accident that occurred on August 3, 2017. Defendant Jean Carlos Flores-Rivera, while employed by defendant US Foods, Inc. and driving a semi-truck and trailer owned by defendant Trans-Porte, Inc. and insured by

1

defendant Zurich American Insurance Company, struck a vehicle driven by the plaintiff, Zachary Faulkner, on County Highway KR, in the Village of Somers, County of Kenosha, State of Wisconsin. The plaintiff alleges common law negligence. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

**B.    INITIAL DISCLOSURES**

The parties intend to provide the initial disclosures required by Rule 26(a)(1) by April 22, 2021.

**C.    Subjects on Which Discovery May Be Needed And When Discovery Should Be Completed**

The parties anticipate exchanging Interrogatories and Requests for Production of Documents and conducting depositions upon receipt of the Rule 26(a)(1) disclosures. The parties anticipate scheduling at least two depositions: one of defendant Jean Carlos Flores Rivera, and one of plaintiff, Zachary Faulkner, as well as conducting depositions of additional witnesses as information comes available. The parties anticipate completing discovery by October 15, 2022. Discovery shall proceed in accordance with the following plan:

(a) Although no specific amendment is currently anticipated by the parties, the parties may amend their pleadings or add parties without motion by June 15, 2021. The parties may amend the pleadings thereafter by motion in accordance with Fed. R. Civ. P. 15.

(b) Discovery pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by September 31, 2021.

(c) Plaintiff's expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) shall be served on or before October 31, 2021.

(d) Depositions of Plaintiff's expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) shall be completed by December 15, 2021.

(e) Defendants' expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) shall be served on or before January 15, 2022.

(f) Depositions of Defendant's expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) shall be completed by March 15, 2022.

(g) Summary Judgment and other dispositive motions shall be filed and served by April 30, 2022. Responses and replies shall be filed in accordance with the local rules.

(h) All discovery shall be completed by April 30, 2022.

**D.     Issues Regarding Disclosure or Discovery of Electronically Stored Information**

It is anticipated that disclosure or discovery of electronically stored information may be made. The parties do not anticipate any issues with electronically stored information. If necessary, the parties will enter an agreement that will cover the scope of discovery, processing and production of ESI, including the form(s) in which ESI is to be produced. At this time, the parties anticipate that the extent of contemplated ESI will allow for the production of hard copies of documents.

**E.     Claims of Privilege or of Protection as Trial Preparation Materials**

The parties do not anticipate any issues regarding claims of privilege or protection as trial preparation materials. Should issues arise, the parties will attempt to resolve the issue without court intervention. The Defendants reserve the right to seek a protective order to the extent Plaintiff requests production of confidential or privileged information and to the extent the parties cannot reach an agreement outside of seeking court intervention.

F.   **Changes in Limitations on Discovery**

Defendants submitted to Plaintiff a stipulation to agree on liability and parties and to limit discovery to damages. The parties have engaged in preliminary discussions regarding a stipulation to liability and will continue discussions as discovery progresses. The parties do not anticipate any other changes to the limitations under the federal and local rules regarding discovery.

G.   **Any Other Orders That the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c)**

The parties anticipate a stipulated order to govern the treatment of any protected health information.

**OTHER INFORMATION REQUESTED IN STANDING ORDER COVERING PRELIMINARY PRE-TRIAL CONFERENCES.**

A.   **The Name of Any Related Cases**

None.

B.   **A Specific Statement of the Material Factual and Legal Issues to Be Resolved at Trial**

If the parties agree to stipulate on liability, the issues will be limited to personal injury damages.  If parties do not agree, the issues will include both liability under common law negligence and personal injury damages.

C.   **A Description of Any Amendments to Pleadings That Any Party Intends to Make**

None known at this time.

D.   **The identify of Any New Parties to be Added, Including an Explanation as to Why These Parties Must (or Should) be Added.**

None known at this time.

E.   **The Estimated Trial Length**

Three Days

**F.    Any Other Matter Affecting the Just, Speedy and Inexpensive Disposition of this Case, or which the Court Should Take Into Account in Setting the Schedule.**

The defendants are in receipt of a demand and are evaluating the claim. The parties have entered into preliminary discussions regarding mediation.

Dated at Kenosha, Wisconsin, this 15th day of March 2021.

/s/ Andrew S. Wier
Andrew S. Wier
WI State Bar No. 1072520
Attorneys for Plaintiff
Habush Habush & Rottier S.C.
6905 Green Bay Road, Suite 201
Kenosha, WI 53142
Telephone: (262) 652-4900
Fax: (262) 697-5904
awier@habush.com

/s/ Brian O. Watson
Brian O. Watson
WI State Bar No. 1098661
Attorney for Defendants
Riley Safer Holmes & Cancila LLP
70 West Madison Street., Suite 2900
Chicago, IL 60602
Telephone:  (312) 471-8700
Fax:  (312) 471-8701
bwatson@rshc-law.com
docketdept@rshc-law.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies March 15, 2021, these papers were filed and served by the Court's CM/ECF electronic filing system.

/s/ Brian O. Watson
Brian O. Watson
WI State Bar No. 1098661
Attorney for Defendants
Riley Safer Holmes & Cancila LLP
70 West Madison Street., Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
Fax: (312) 471-8701
bwatson@rshc-law.com
docketdept@rshc-law.com

4841-7041-8399, v. 6